LEVY, Judge.
In this personal injury negligence action, defendant Metropolitan Dade County (County) appeals the trial court’s granting of plaintiff Maria Salwan’s (Salwan) motion for a new trial.
*382 Salwan was a fare-paying passenger who was injured as she attempted to exit the front door of a county bus through which entering passengers began to board before all of the exiting passengers had left the bus. The case went to trial on the issue of the bus driver’s alleged negligence in allowing the passengers to proceed as they did. The parties dispute whether the driver requested the entering passengers to allow exiting passengers to proceed first.
After hearing the legal arguments presented by counsel for the parties, and an initial ruling to the contrary, the trial court refused to allow the plaintiff to introduce a portion of the County's Metropolitan Transit Authority bus operator’s training manual into evidence. Ultimately, the trial concluded with a verdict in favor of the defendant. When plaintiff Salwan moved for a new trial, the court granted the motion upon a finding that it had erred in not permitting plaintiff to introduce the manual into evidence. The defendant appeals, contending that the motion for new trial should not have been granted because the court’s ruling prohibiting the introduction of the training manual was correct. We agree and reverse.
Our review of the parties’ various contentions need proceed only as far as an examination of the training manual at issue. The language by which Salwan seeks to hold County liable is found in the manual within the section labeled “Courtesy”[1]. The language in question is suggestive rather than directive. While we do not specifically address the issue of whether County’s bus driver requested that entering passengers wait, it is clear that the decision to make such a request is a discretionary matter. Any absence of such a request would, at most, be a discourtesy, not a violation of one of County’s policies or safety rules, and as such has no bearing upon the issue of the relevant standard of care in this case. The trial court was eminently correct in distinguishing the nature of the evidence that the plaintiff sought to introduce in the instant case from the type of material contained within the internal manual that the plaintiff sought to introduce into evidence in Marks v. Mandell, 477 So.2d 1036 (Fla. 3d DCA 1985) (error in trial court's failure to admit internal manual which contained either evidence of a general industry custom or standard, or evidence that the defendant violated its own policies or an industry standard). In short, the trial court properly excluded the portion of the manual at issue in this case.
Inasmuch as the trial court’s order granting plaintiff Salwan’s motion for new trial was based upon a finding that the court erred in not permitting plaintiff to introduce the manual, the order is hereby reversed.
Reversed.

. The relevant provision, in full, is as follows: "(11) ALIGHTING, FRONT DOOR — To avoid crowding at busy stops, where the same door is used for entrance, say clearly, as you open the door, ‘Please let them out first, then you can all get in easier. Thank you.’ ”